Richard C. Boardman, ISB No. 2922
RBoardman@perkinscoie.com
Christine M. Salmi, ISB No. 5626
CSalmi@perkinscoie.com
PERKINS COIE LLP
1111 W Jefferson Street, Suite 500
Boise, ID 83702-5391
Tele:  (208) 343-3434/Fax:  (208) 343-3232

Jerry A. Riedinger (admitted *pro hac vice*)
JRiedinger@perkinscoie.com
Ryan J. McBrayer (admitted *pro hac vice*)
RMcbrayer@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Tele:  (206) 359-8000/Fax:   (206) 359-9000

Attorneys for Defendants/Counterclaimants JMC Ventilation Refrigeration LLC, JMC Enterprises, Inc., JMC Leasing LLC, and Joel Micka

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 1,4 GROUP, INC., an Idaho corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>JMC VENTILATION REFRIGERATION LLC, a Washington limited liability company, JMC ENTERPRISES, INC., a Washington corporation, JMC LEASING, LLC, a Washington limited liability company, and JOEL MICKA, an individual,<br><br>               Defendants.<br>_____<br>JMC VENTILATION REFRIGERATION, LLC, a Washington limited liability company, JMC ENTERPRISES, INC., a Washington Corporation, and JMC LEASING LLC, a Washington limited liability company<br><br>               Counterclaimants,<br><br>   v.<br><br>1,4GROUP, INC., an Idaho corporation,<br><br>               Counterdefendants. | **Case No. CV-07-354-S-DVB**<br><br><br>**MEMORANDUM IN SUPPORT OF JMC DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING** |

## I.   INTRODUCTION

1,4Group does not have standing to assert its remaining infringement allegations.  The Court recently granted summary judgment of noninfringement related to all allegations under the '660 patent and all allegations under the '888 patent regarding chemical applications later than June 2005.  That leaves JMC's chemical applications between November 10, 2004 and June 2005 as the only accused applications.  JMC has discovered, however, that 1,4Group did not own the patent until November 2005, and does not own the right to sue for infringement before then.  This is fatal to 1,4Group's patent case.

The right to sue for patent infringement vests with the owner of the patent as a separate right at the time of the accused conduct.  Thereafter, the owner may assign the patent to a new owner, but the right to sue for past infringement remains a separate right that is not transferred unless it is expressly transferred in the assignment.  *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed. Cir. 1998) (assignment of "all right, title and interest" in the patent does not transfer the right to sue for past infringement).  The prior owners of the '888 patent did not assign 1,4Group the right to sue for past infringement.  The November 2005 assignment covers the "entire right, title, and interest" to the '888 patent but is silent regarding the right to sue for infringement that occurred before then.  1,4Group thus lacks standing.  Moreover, a lack of standing is jurisdictional, and cannot be cured after filing.  Dismissal is required.

## II.     1,4GROUP'S PATENT ALLEGATIONS SHOULD BE DISMISSED

The ownership history of the patent, and the law require dismissal as explained below.[1]

### A. 1,4Group Does Not Own The Right to Sue for Infringement Before November 2005

The '888 patent issued in May 2000.  *See* Amended Complaint, ¶ 18.  As with all patents, the '888 patent was owned by the inventors until the patent was assigned.  Here, John and Darol Forsythe were the named inventors.  *Id.*  They owned the patent from May 2000 until they assigned it on November 8, 2005 to 1,4Group.  *Id.*, ¶ 19; *see also* Boardman Decl. ¶ 2, Ex. 1.[2] More precisely, the Forsythes owned the '888 patent on November 10, 2004 when the allegedly infringing conduct started, and owned it until point after which the Court has ruled no infringement occurred – June 2005.  *See* Dkt. No. 112 (Summary Judgment Memorandum Decision and Order, p. 18).

The Forsythes also owned the right to sue for any infringement during that period. *Wacoh Co.  v. Chrysler LLC*, WL 36666, *8 (W.D. Wis. Jan 7, 2009); *Belden Wire & Cable v. Cable Design*, 2001 WL 34657402, *1-2 (N.D. Ill. March 29,, 2001) ("only the holder of legal title to a patent at the time of the infringement can bring an action for damages resulting from that infringement").  They were the allegedly injured parties; the right to sue vested with them on an ongoing basis from November 10, 2004 through June 2005.  *See Diodem, LLC v. Lumenis*, LLC, 2005 WL 6219898, *6 (C.D. Cal. Sept. 14, 2005) (the right to recover for injury to the

---

[1]  A lack of standing deprives the Court of jurisdiction and can also be addressed in a Rule 12(b)(1) motion to dismiss.  *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

[2] The Court is permitted to consider documents not attached to the complaint (e.g. the patent assignment) when the document contents are alleged in the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Parrino v. FHP*, Inc., 146 F.3d 699, 706 (9th Cir. 1998).  Here, the Amended Complaint alleges the content of the assignment. *See* ¶ 17.  The Court accordingly may consider the attachment in a motion to dismiss.

patent owner is a separate right that is not transferred with the patent).[3]  Five months later in November 2005, they owned and could have assigned the right to sue for past infringement.

The right to sue for prior infringement, however, must be expressly stated in the assignment.  *Mas-Hamilton,* 156 F.3d at 1206.  Assigning all right, title and interest in the patent does not transfer the separate right to sue for the past.  *Id.; Wacoh*, 2009 WL 36666, at *8.

> Such a general statement does not effect assignment of the right to sue for past infringement because it lacks an express provision demonstrating an intent to assign this right above and beyond assigning title to the patent.

Moreover, the Court may not infer that the assignors somehow intended the separate right to sue to somehow be included in the assignment.  *Belden Wire,* 2001 WL 34657402, *2 (it would be a "great mistake" to infer that an assignment "carries with it a transfer of the right to damages in an infringement committed before such assignment.") (citing *Moore v. Marsh*, 74 U.S. 515, 522 (1868)).  As a result, an assignee does not normally have standing to sue for infringement that occurred before it owned the patent.  *Wacoh*, 2009 WL 36666, at *8 (citing *Minco, Inc. v. Combustion Eng'g, Inc*., 95 F.3d 1109, 1117 (Fed. Cir. 1996)).

The assignment here is identical to those in *Mas-Hamilton* and *Wacoh*.  The Forsythes assigned their "entire right, title and interest" in the '888 patent but were silent about the right to sue for past infringement.  Boardman Decl., Ex. 1.  This is the only assignment related to the '888 patent.  Boardman Decl., ¶ 3.  Thus, as of the filing of this motion, 1,4Group owns the right to sue for infringement that occurred *after* November 8, 2005.  But, the Forsythes own the right

---

[3]  A patent owner's bundle of rights is no different in this regard than the bundle of rights held by owners of other types of property.  *See e.g.*, *Vaughn v. Dame Constr. Co.*, 223 Cal.App.3d 144, 149 (Cal. App. 1990) (plaintiff "had a right to convey the real property but retain her cause of action for damages from defendant's defective construction.").

to sue for the November 10, 2005 – May 2005 conduct accused here.  1,4Group does not have standing.  *Mas-Hamilton,* 156 F.3d at 1210.  This compels dismissal.  *Id.*

### B.  Dismissal With Prejudice is Appropriate

The Court's dismissal should be with prejudice for all applications more than six years before the date of the Court's order.  Dismissal of a patent infringement action should be with prejudice when it is "plainly unlikely that the plaintiff will be able to cure the standing problem." *Tyco Healthcare Group LP v. Ethicon Endo-Surgery, Inc*., 587 F.3d 1375, 1380 (Fed. Cir. 2009); *see also Nat. Licensing Ass'n, LLC v. Inland Joseph Fruit*, 361 F. Supp. 1244, 1258 (E.D. Wash. 2004).  Here, 1,4Group suffers this fate. On one hand, standing defects cannot be cured after filing.  *See Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364-65 (Fed. Cir. 2010) ("the suit must be dismissed…the jurisdictional defect cannot be cured after the inception of the lawsuit").  A plaintiff can sometimes refile the action after curing the defect.  *Id.*  On the other hand, however, the Patent Act imposes an absolute bar on damages for infringement that occurred more than six years before filing.

> Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.

35 U.S.C.§ 286.  Thus, 1,4Group has no opportunity to correct the standing defect with respect to accused applications – like those remaining here – that occurred more than six years ago.  The Court should dismiss the patent claims with prejudice.

### III.  CONCLUSION

The Court should dismiss 1,4Group's claims for patent infringement for lack of standing.  Dismissal, at least for claims related to conduct more than six years before the date of the Court's order, should be with prejudice.

MEMORANDUM IN SUPPORT OF JMC DEFENDANTS' MOTION
TO DISMISS FOR LACK OF STANDING- 5
33743-0008/LEGAL20014712.1

DATED:  January 25, 2011.                    **PERKINS COIE LLP**

/s/ *Richard C. Boardman*
Richard C. Boardman, Idaho Bar No. 2922
Rboardman@perkinscoie.com
Christine M. Salmi, Idaho Bar No. 5626
Csalmi@perkinscoie.com
PERKINS COIE LLP
1111 West Jefferson St., Suite 500
Boise, ID 83702-5391
Telephone:  (208) 343-3434
Facsimile:   (208) 343-3232

Jerry A. Riedinger
JRiedinger@perkinscoie.com
(*admitted pro hac vice*)
Ryan J. McBrayer
RMcbrayer@perkinscoie.com
(*admitted pro hac vice*)
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile:  (206) 359-9000

Attorneys for Defendants/Counterclaimants

## *CERTIFICATE OF SERVICE*

I hereby certify that on January 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

>maukburgoyne@maukburgoyne.com; sally@maukburgoyne.com
>wsbritt@traskbritt.com
>ercataxinos@traskbritt.com

And, I hereby certify that I have mailed by United States Postal Service the foregoing documents(s) to the following non-CM/ECF Registered Participant(s):

>[NONE]

>/s/ *Richard C. Boardman*_____
>Richard C. Boardman
>Attorneys for Defendants/Counterclaimants